1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED

MAR 2 7 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

VICTORIA WHITING, a Widow,

        Plaintiff,

      v.

UNITED STATES OF AMERICA; and
STATE OF CALIFORNIA,
DEPARTMENT OF
TRANSPORTATION, a political
subdivision,

        Defendants.

Case No. 03 cv 0216 - BTM (JMA)

**PRETRIAL ORDER**

[Proposed]
Pretrial Conference:
Date:  March 27, 2007
Time: 9:00 a.m.
Ctrm: 15
Hon. Barry Ted Moskowitz

    Following pretrial proceedings pursuant to F. R. Civ. P. 16 and Civil Local Rule 16.1, IT IS ORDERED as follows.

/D/ 3-22-2007

# I.

## TYPE OF ACTION

This is an action for wrongful death brought by the widow, Victoria Whiting, against the State of California, Department of Transportation, and the United States of America. The State of California has never appeared. The tort action against the United States is brought under the Federal Tort Claims Act ("FTCA") 28 U.S.C. §§ 1346 (b), 2671-2680.

This lawsuit arises out of a fatal head-on collision occurring the evening of Super Bowl Sunday, February 3, 2002, on a rural section of Highway 94 in Jamul, California. The California Highway Patrol reported that the collision occurred at 6:05 p.m. (The exact time of the collision is a matter in dispute). The dispatch record shows a CHP officer was at the site at 6:10:53 p.m. The collision occurred on a two-lane highway that was not illuminated by street lights. While heading toward his home, Michael Whiting, driving a 1966 motorcycle collided with a Bureau of Land Management ("BLM") patrol vehicle (Chevrolet Tahoe) that was passing a slower moving vehicle. Michael Whiting died.

Plaintiff through her complaint alleges as follows:

1.  Prior to February 3, 2002, Defendant CALTRANS knew or in the exercise of reasonable care should have known that dangerous conditions and/or circumstances existed at or about The Collision Site, that it was foreseeable that such condition(s) and/or circumstances could and would, proximately result in traffic collisions causing serious injury, death, and damages, and Defendant CALTRANS had such notice, sufficient time, and the ability to correct such conditions and / or circumstances and failed and/or refused to do so. Complaint, p. 5, lines 13-19.

2.  Defendant Funk, within the course and scope of his employment with Defendant BLM, was operating the BLM Vehicle proceeding westbound when, as a direct and proximate result of the negligent operation, entrustment, design, inspection, maintenance, repair, road marking, ownership and/or other basis of legal liability by or on behalf of Defendants, and each of them, in connection with the BLM Vehicle and/or the collision site, the BLM Vehicle impacted head-on into (Plaintiff's) Decedent's Vehicle, which impact was the immediate and proximate cause of the death of Plaintiff's Decedent Michael Charles Whiting ("The Impact"), 38 years old at the time of death.

2

03 cv 0216

1          The Defendant, the United States of America, responds:

2          BLM Ranger Joseph Funk, who was driving the BLM vehicle, checked for on-

3    coming traffic before passing a slower moving vehicle.  He observed no headlight

4    illumination from the not visible, on-coming Whiting motorcycle. An independent witness,

5    Alisha Schaefer, was driving directly behind the BLM vehicle, traveling in the same

6    direction.   Ms. Schaefer also checked for on-coming traffic before initiating a lawful

7    passing maneuver of the same slower vehicle. She, as well, saw no on-coming headlight

8    from the not visible Whiting motorcycle.  The post-accident California Highway Patrol

9    ("CHP") investigation determined the motorcyclist to be the cause of the accident for

10   driving his motorcycle without an illuminated headlight, while intoxicated,[1] and without a

11   valid motorcycle license.

12         The United States denies any liability for the fatal collision involving Michael

13   Whiting's motorcycle and the United States BLM's vehicle.  The BLM Ranger was not

14   negligent in the operation of his vehicle, nor was he a legal cause of the accident. Rather,

15   this accident was the sole responsibility of the deceased motorcyclist who was illegally

16   operating his vehicle in the dark without a functioning headlight, while intoxicated, and

17   without a valid California motorcycle driver's license.

18         Counter-Claim was dismissed

19         The United States dismissed its counterclaim against Plaintiff for property damage

20   resulting from the accident. A stipulated Dismissal was filed after Mr. Whiting's insurance

21   carrier paid the United States for the damage to the BLM patrol vehicle.

22

23

24

25

26

27

28   _____
     1/   The Medical Examiner determined that at the time of death Michael Whiting had
     a blood alcohol concentration level of 0.23% (w/v ethanol).

## II.

## JURISDICTION AND VENUE

Federal jurisdiction and venue are invoked as to the United States of America pursuant to the Federal Tort Claims Act (28 U.S.C. §§ 1346(b), 2671-2680)("FTCA"), and related provisions.

Plaintiff asserts she is the surviving spouse within the meaning of California *Code of Civil Procedure* section 377.60(a), the sole and only successor in interest within the meaning of California *Code of Civil Procedure* section 377.11 and/or section 377.30, the person entitled to the decedent's property by intestate succession within the meaning of California *Probate Code* section 6400, *et seq.*, and/or beneficiary of Plaintiff's Decedent's estate within the meaning of California *Code of Civil Procedure* section 377.10 *et seq.*, and the sole dependent of the decedent, Michael Charles Whiting, within the meaning of California *Code of Civil Procedure* section 377.60(b).

## III.

## THE FOLLOWING FACTS ARE ADMITTED AND REQUIRE NO PROOF

1.  This lawsuit arises out of a fatal collision occurring on Super Bowl Sunday, February 3, 2002, on a rural section of Highway 94 east of Jamul, California, within the Southern District of California.

2.  On February 3, 2002, the sun set at 5:22 p.m.

3.  (deleted)

4.  While passing maneuver a slower moving sedan, the federal vehicle entered the oncoming lane.

5.  While the federal vehicle was partially in the on-coming lane, a collision occurred between the federal vehicle and the Whiting 1966 Triumph motorcycle traveling in the opposite direction.

6.  The motorcycle was being driven by Michael Whiting.

7.    United States Bureau of Land Management, Law Enforcement Ranger, Joseph Carl Funk, was driving the federal vehicle.

8.    A witness, Alisha Schaefer, was driving the vehicle behind the federal vehicle, traveling in the same direction when the collision occurred.

9.    BLM Ranger Joseph Funk, at the time of the accident, was acting within the scope of his office or employment as defined pursuant to the Federal Tort Claims Act.

10.    The last time the Whiting motorcycle had been serviced was in August of 2001. The headlamp bulb was not replaced at that time.

11.    The area where the collision occurred was un-developed and there were no street lights nor residential lights.

12.    The vehicle data recorder of the BLM vehicle shows that while passing, Ranger Funk accelerated in a gradual and controlled manner.

13.    The motorcycle's headlamp bulb was destroyed by the collision.

14.    Eyewitnesses (Funk and Schaefer), independently stated that each did not observe any illuminated motorcycle headlight prior to the collision.

15.    On the day of the accident, February 3, 2002, Victoria Whiting was out of the country, and, therefore, had no opportunity to personally observe Michael Whiting's whereabouts and activities.

16.    In 1996, for $300.00 Michael Whiting purchased the single-headlamp 1966 Triumph motorcycle he was riding at the collision.

17.    At the time of the collision, Michael Whiting did not have a valid Motorcycle Endorsement to his California Driver's License.

18.    At the time of the collision, the headlamps on the BLM vehicle were fully illuminated.

19.    At the time of the collision, the headlamps on Alisha Schaeffer's vehicle were fully illuminated.

20.    Ms. Schaeffer has 20/20 vision, she had a clean windshield, she had taken no alcohol nor drugs nor medication that might affect her vision or memory, she was familiar

1   with the area (she had driven there at least 50 times in the preceding year), she was

2   experienced at night driving and has an excellent recall of the events.

3   21.    Ranger Funk checked on-coming traffic before he passed the slower vehicle and

4   he saw no illuminated motorcycle headlamp coming toward him.

5   22.    Ranger Funk has a specific recall of seeing an un-illuminated headlamp on the

6   motorcycle an instant before the collision.

7   23.    Although the time of the collision is disputed, there was sufficient ambient light that

8   a motorcycle driver knowing the route home and looking for the white lane markers and

9   the yellow center line could navigate the east-bound roadway without an illuminated

10  headlamp.

11  24.    Motorcycle headlight bulbs can and do fail without warning.

12  25.    There was no remnant of the Whiting motorcycle's headlamp filament recovered

13  after the collision.

14  26.    Due to the lack of sufficient headlamp bulb remnants, there is no scientific test or

15  analysis that can determine whether the headlamp was illuminated at the time of the

16  collision.

17  27.    The Medical Examiner's Toxicology Report, indicates Michael Whiting had a blood

18  alcohol level of 0.23% (w/v ethanol) at the time of his death.

19

20                                         IV.

21            THE RESERVATIONS AS TO THE FACTS RECITED IN
                     PARAGRAPH III ABOVE ARE AS FOLLOWS

22

23            None.

24                                         V.

25            THE FOLLOWING FACTS, THOUGH NOT ADMITTED,
                 ARE NOT TO BE CONTESTED AT THE TRIAL
26                    BY EVIDENCE TO THE CONTRARY

27  1.    Concurrently with its Answer, the United States filed a Counter-Claim for recovery

28  of the $14,000-plus cost to repair the federal vehicle. Docket No. 4.

2.   That claim has been paid by Deceased's insurer and the Counter-Claim has been

dismissed. Docket No. 16.

3.   The United States will, therefore, not seek any offset against any potential judgment

for its past property damages.


## ·VI.

### THE FOLLOWING ISSUES OF FACT, AND NO OTHERS,
### REMAIN TO BE LITIGATED UPON THE TRIAL

1.   Whether Ranger Joseph Funk was negligent in his conduct? Including whether this

case is governed by the well-established "but for" test stated in subsection (1) of the

Restatement section 432. Namely, Plaintiff must prove that *but for* the alleged negligence,

the harm would not have happened. *Viner v. Sweet*, 30 Cal. 4th 1232, 1241 (Cal. 2003);

Cal. Veh. Code §§ 21750, 21751; *Robbiano v. Bovet*, 218 Cal. 589, 24 P.2d 466 (1933).

2.   Whether decedent, Michael Whiting's blood alcohol concentration impaired his

judgment as well as his ability to perceive and react on the night of the collision?

3.   Whether Michael Whiting was negligent per se for driving (1) under the influence

of alcohol (0.23% (w/v ethanol) blood alcohol concentration) in violation of California

Vehicle Code § 23152a, (2) while no licensed to operate a motorcycle in violation of

California Vehicle Code §§ 12500(a)(b), and/or (3) with a non-illuminated headlamp in

violation of California Vehicle Code §§ 25650 and 25651?

4.   Whether decedent, Michael Whiting, was operating his motorcycle with an

illuminated headlight at the time of the collision?

5.   Whether decedent, Michael Whiting, had a blood alcohol concentration of 0.23%

(w/v ethanol) at the time of the collision?

6.   Whether decedent, Michael Whiting, was operating his motorcycle with an

illuminated headlight at the time of the collision?

7.   Whether the collision was the sole responsibility of the motorcyclist, Michael

Whiting?


7

8.    Whether the motorcyclist, Michael Whiting, caused the collision: by violating Vehicle Code section 23152a [driving under the influence[2]]; and by violating Vehicle Code section 25650 [operating a motorcycle during darkness without at least one lighted headlight]?

9.    Whether, when Ranger Funk checked for on-coming traffic before initiating the passing maneuver he observed no on-coming headlight illumination ahead of his vehicle?

10.    Whether Ms. Schaefer also checked for on-coming traffic before starting a similar passing maneuver?

11.    Whether before starting her passing / overtaking maneuver, Ms. Schaefer also saw no on-coming motorcycle headlight illumination coming toward her?

12.    Whether eyewitness Alisha Schaefer had a clear and unobstructed view of the road ahead of her prior to the collision?

13.    Whether eyewitness Alisha Schaefer reasonably checked for on-coming traffic and saw no headlamp light from the Whiting motorcycle?

14.    Whether Ms. Schaefer did not see any illuminated motorcycle headlamp while she pulled left into the on-coming roadway lane to begin her passing/overtaking maneuver?

15.    Whether after checking for on-coming traffic, Ms. Schaefer had independently begun the same action as Ranger Funk, moving left to pass/overtake the slower moving vehicle?

16.    Whether there had been and was sufficient ambient light that the Michael Whiting could navigate the east-bound roadway toward his home without an illuminated headlamp?

17.    Whether Ranger Funk was legally, permissively and reasonably overtaking and passing a slower vehicle consistent with the California Vehicle Code? *See* Cal. Veh. Code §§ 21750, 21751; *Robbiano v. Bovet*, 218 Cal. 589, 24 P.2d 466 (1933).

18.    Whether at the time and place of the collision, an illuminated motorcycle headlamp would have been highly visible to an on-coming driver?

_____

2/    The Medical Examiner determined that at the time of death Michael Whiting had a blood alcohol concentration level of 0.23% (w/v).

03 cv 0216

19.  Whether the independent eye witness Alisha Schaefer has an excellent recall of the events?

20.  Whether Ranger Funk saw an un-illuminated headlamp on the motorcycle an instant before the contact?

21.  Whether the Whiting motorcycle headlamp was not illuminated at the time of the collision?

22.  Whether the collision occurred at or about 6:05 p.m.?

## VII.

## EXHIBITS TO BE OFFERED AT THE TRIAL

A.  **Defendant's Exhibits.**

A list of Defendant's exhibits is attached hereto at Tab "A."[3]

B.  **Plaintiff's Exhibits**

A list of Plaintiff's exhibits is attached hereto at Tab "1."[4]

C.  **Merged List**

The Parties are working on the creation of a joint, merged list of exhibits.  The Plaintiff's exhibits will be numbered 1-199.  The Defendants exhibits will be numbered 200-399.

---

[3]  Despite participating in crafting the stipulations and Orders which required it, for example, see Docket 24, the Plaintiff did not file the ordered Fed. R. Civ. P. 26(a)(3) objections to Defendant's disclosures on July 18, 2005.  Indeed, Plaintiff has never filed Rule 26(a)(3) objections nor ever sought relief from this default.  Plaintiff has thereby waived objections to any of Defendant's exhibits.

Rule 26(a)(3) states, in part, (emphasis added) "Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless excused by the court for good cause."  Additionally, Fed. R. Civ. P. 37(c)(1), instructs that failure to make timely required disclosures bars the use of the withheld material ("A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not . . . permitted to use as evidence at a trial . . . any witness or information not so disclosed.")

[4] Defendant has objected to all of Plaintiff's exhibits.  See Docket number 46.

# VIII.

## ADMISSIONS

**A.    Admissions of Law**

1.     At the time of the collision, BLM Ranger Joseph Funk was acting within the scope of his federal office under the Federal Tort Claims Act.

2.     This is a tort action filed against the United States, brought under the Federal Tort Claims Act ("FTCA") 28 U.S.C. §§ 1346 (b), 2671, *et seq.*

3.     This action is governed by and subject to the restrictions of the Federal Tort Claims Act ("FTCA"). 28 U.S.C. §§ 1346 (b), 2671, *et seq.*

*4.*     In this action, California wrongful death and negligence law, as limited by the FTCA and federal laws, applies as to liability and damages.

5.     A presumption of negligence results when an individual violates a statute and that violation was a substantial cause of death or injury to the individual or another person, so long as the harm that results was of a type that the statute was designed to prevent and the injured party belongs to the group that the statute was designed to protect.[5] *Cade v. Mid-City Hospital Corp.*, 45 Cal. App. 3d 589, 597 (1975).

6.     California case law imposes on all motorists a duty to exercise ordinary care, which may be defined as conduct that might reasonably be expected of a person of ordinary prudence in similar circumstances.

7.     To prove negligence, Plaintiff must show that Defendant owed decedent a duty of care, that Defendant's conduct fell below that standard, and that an injury was caused by Defendant's conduct which was a breach of the applicable duty.

---

[5]   Subsection (a) of Cal. Evid. Code § 669 provides:
"The failure of a person to exercise due care is presumed if:
    1) He violated a statute, ordinance or regulation of a public entity;
    2) the violation proximately caused death or injury to person or property;
    3) The death or injury resulted from an occurrence of the nature which the statute, ordinance, or regulation was designed to prevent; and
    4) the person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted." Cal. Evid. Code § 669(a).

03 cv 0216

8.      California law requires that a motorcycle have at least one headlamp illuminated 30 minutes after sunset.  [Cal. Veh. Code §§ 280, 24250, 25650, 25651.]

9.      Drivers in California are legally permitted to overtake and pass a slower vehicle, subject to the limitations and exceptions of the California Vehicle Code (Cal. Veh. Code §§ 21750, 21751).

10.     The Plaintiff must prove liability by a preponderance of the admissible evidence.

11.     As between the Plaintiff and the Defendant, the Defendant has exposure for an amount of economic and non-economic damages, if any, only in proportion to the Defendant's and the Plaintiff/Deceased's relative percentages of fault.

12.     As between the Defendant, the Plaintiff/Deceased, and any third-party, such as the State of California, the Defendant has exposure for an amount of non-economic damages, if any, only in proportion to its relative percentage of fault, consistent with Proposition 51.

13.     As between the Defendant, the Plaintiff/Deceased, and any third-party, such as the State of California, the Defendant has exposure for an amount of economic damages, if any, only in proportion to the relative percentage of fault not attributed to the Plaintiff/Deceased, consistent with Proposition 51.

**B.      Other Admissions**

        None.

**IX.**

**LIST OF WITNESSES TO BE CALLED BY PLAINTIFF AND DEFENDANT**

**A.      Defendant's Witness List**

        Defendant's witness list is attached hereto as Tab "B."

**B.      Plaintiff's Witness List**

        Plaintiff's Witness List is attached hereto as Tab "2."

///

///

11

# X.

## THE FOLLOWING ISSUES OF LAW, AND NO OTHERS, REMAIN TO BE LITIGATED UPON THE TRIAL

1.      Whether Michael Whiting's conduct was "negligence per se" and the sole cause of the accident?[6]  (A presumption of negligence results when an individual violates a statute and that violation was a substantial cause of death or injury to another person, so long as the harm that results was of a type that the statute was designed to prevent and the injured party belongs to the group that the statute was designed to protect. *Cade v. Mid-City Hospital Corp.*, 45 Cal. App. 3d 589, 597 (1975).)

2.      Whether Michael Whiting's conduct amounted to negligence pursuant to general principles of negligence? (Whiting's conduct was not "what might reasonably be expected of a person of ordinary prudence in similar circumstances." California case law imposes on a motorist a duty to exercise ordinary care.)

3.      10.     What, if any, legal duty did BLM Ranger Funk owe to deceased, Michael Whiting?

4.      Whether Ranger Funk was legally, permissively and reasonably overtaking and passing a slower vehicle consistent with the California Vehicle Code? (Cal. Veh. Code §§ 21750, 21751.)

5.      Whether *Robbiano v. Bovet*, 218 Cal. 589, 24 P.2d 466 (1933) applies in this case?

6.      Whether drivers in California have a duty to anticipate "on-coming vehicles illegally operated without headlights and, hence, not visible to others using the highway"? [Cal. Veh. Code §§ 21750, 21751; *Robbiano v. Bovet*, 218 Cal. 589, 24 P.2d 466 (1933).]

---

  [6]  Subsection (a) of Cal. Evid. Code § 669 provides:
"The failure of a person to exercise due care is presumed if:
        1) He violated a statute, ordinance or regulation of a public entity;
        2) the violation proximately caused death or injury to person or property;
        3) The death or injury resulted from an occurrence of the nature which the statute, ordinance, or regulation was designed to prevent; and
        4) the person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted." Cal. Evid. Code § 669(a).

7.     Whether drivers in California have a right to assume that others using the highway are obeying the law and are driving with illuminated headlights as required by the law? [Cal. Veh. Code §§ 21750, 21751; *Robbiano v. Bovet*, 218 Cal. 589, 24 P.2d 466 (1933); *see also* CACI 4.11.]

8.     Whether drivers in California are not required to anticipate the negligent and illegal conduct of another driver? [Cal. Veh. Code §§ 21750, 21751; *Robbiano v. Bovet*, 218 Cal. 589, 24 P.2d 466 (1933); *see also Chowdhury v. Los Angeles*, 38 Cal. App. 4th 1187 (1995) (Defendant cannot be held to foresee illegal conduct of another driver); Memorandum of Contentions, p. 6, ¶¶ 7 & 8.)]

9.     Whether this case is governed by the well-established "but for" test stated in subsection (1) of the Restatement section 432?  Plaintiff must prove that *but for* the alleged negligence, the harm would not have happened. *Viner v. Sweet*, 30 Cal. 4th 1232, 1241 (Cal. 2003); Memorandum of Contentions, p. 6, ¶ 11.

10.     Whether this case does not involve "concurrent independent causes," which are multiple forces operating at the same time and independently, each of which would have been sufficient by itself to bring about the harm?  Accordingly, the exception stated in the subsection (2) of the Restatement section 432 does *not* apply. *Viner v. Sweet*, 30 Cal. 4th 1232, 1241 (Cal. 2003); Memorandum of Contentions, p. 7, ¶ 11.

11.     Whether the failure of a motor vehicle operator to have at least one headlamp illuminated more than 30 minutes after sunset is violative of several sections of the California Vehicle Code, including sections 24250, 24252, 25650, 25651?

12.     Whether California Vehicle Code section 24250 (during darkness, a vehicle shall be equipped with lighted lighting equipment as required for the vehicle by California Vehicle Code) applies in this case?

13.     Whether California Vehicle Code section 24252 (all lighting equipment of a required type installed on a vehicle shall at all times be maintained in good working order.  Lamps shall be equipped with bulbs of the correct voltage rating corresponding to the nominal

1    voltage at the lamp socket as required for the vehicle by California Vehicle Code) applies

2    in this case?

3    14.    Whether California Vehicle Code section 25650 (every motorcycle during darkness

4    shall be equipped with at least one and not more than two lighted headlamps which shall

5    conform to the requirements and limitations of this) applies in this case?

6    15.    Whether California Vehicle Code section 25651(a) (the headlamp shall be of

7    sufficient intensity to reveal a person or a vehicle at a distance of not less than 100 feet

8    when the motor-driven cycle is operated at any speed less than 25 miles per hour and at

9    a distance of not less than 200 feet when operated at a speed of 25 to not exceeding 35

10    miles per hour, and at a distance of 300 feet when operated at a speed greater than 35

11    miles per hour) applies in this case?

12    16.    Whether it is negligence as a matter of law to drive a vehicle upon a public highway

13    while in an intoxicated condition? *Zamucen v. Crocker*, Cal. App. 2d 312, 316 (1957) [Cal.

14    Veh. Code § 23152].

15

16                          **XI.**

17          **OTHER ISSUES PENDING TRIAL COURT RESOLUTION**

18          Additional issues which may require Court resolution during or after trial.

19    **A.    Failure To Admit Requests For Admission, Fed. R. Civ. P. 37**

20          The Plaintiff refused to admit various Requests for Admissions. Pursuant to Fed.

21    R. Civ. P. 37, the Defendant may, with post-trial motions, move to recover the costs and

22    attorney's fees expended to prove the denied Requests for Admissions.

23    **B.    Notice of Future Witnesses**

24          Each party shall to the greatest extent possible, advise the opposing party 24 hours

25    in advance of the identity and timing of the next day's witnesses.

26    ///

27    ///

28    ///

03 cv 0216

## XII.

### THIS ORDER CONTROLS PROCEEDINGS

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this order shall supplement the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

## XIII.

### FORUM

This case shall be tried by the Court without a jury.

## XIV.

### BIFURCATED TRIAL

The parties have agreed and the Court has ordered that trial of this case should be bifurcated as to the issues of liability and damages. The issue of liability shall be tried first. If necessary, a proposed Supplemental Pretrial Order shall be submitted as to the damages trial at the Court's convenience.

## XV.

### TRIAL TIME

Time estimated for trial is 9 days

IT IS SO ORDERED.

March 2 7, 2007

United States District Judge

15

03 cv 0216

1   APPROVED AS TO FORM AND CONTENT:

2

3        Attorneys for the Defendant, the United States of America

4

5               March __, 2007                KAREN P. HEWITT
                                              United States Attorney
6

7                                             _____
                                              THOMAS B. REEVE, JR.
8                                             DAVID B. WALLACE
                                              Assistant U.S. Attorneys
9                                             Attorneys for the United States of
                                              America

10

11      Attorney for the Plaintiff, Victoria Whiting

12

13              March 22, 2007                LAW OFFICE OF DON C. BURNS

14

15                                            Don C Burns
                                              _____
16                                            DON C. BURNS
                                              Attorney for the Plaintiff

17

18

19

20

21

22

23

24

25

26

27

28

16

03 cv 0216

1   APPROVED AS TO FORM AND CONTENT:

2

3   Attorneys for the Defendant, the United States of America

4
        March 22, 2007              KAREN P. HEWITT
5                                United States Attorney

6                                /S/ Thomas B. Reeve, Jr.

7                                THOMAS B. REEVE, JR.
                             DAVID B. WALLACE
8                                Assistant U.S. Attorneys
                             Attorneys for the United States of
9                                America

10

11

12   Attorney for the Plaintiff, Victoria Whiting

13
        March ___, 2007             LAW OFFICE OF DON C. BURNS
14

15

16                                DON C. BURNS
                             Attorney for the Plaintiff
17

18

19

20

21

22

23

24

25

26

27

28

                    03 cv 0216

**EXHIBIT 1**

# Exhibit  1

**Pretrial Order**

**03 cv 0216 BTM (JNA)**

PLAINTIFF'S EXHIBIT LIST
(L.R. 16.1.f.2.d)

## WHITING v. USA
## 03 cv 0216 – R (BTM)

| Exhibit Number | Description | Date Marked | Offered By | Date Admitted | Objection refer list |
|---|---|---|---|---|---|
| 1 | California Highway Patrol communications records BCC001-0012 | | | | |
| 2 | California Highway Patrol dispatch records | | | | |
| 3 | 42 Digital photographs from California Highway Patrol (in connection with TCR No. 02-02-0018) | | | | |
| 4 | 47 color print photographs from California Highway Patrol (in connection with TCR No. 02-02-0018) | | | | |
| 5 | California Highway Patrol Supplemental Investigation by Officer Clyde Larkin | | | | |
| 6 | Photographs from California Highway Patrol Supplemental Investigation | | | | |
| 7 | Excerpts of the California Motor Vehicle Code | | | | |
| 8 | Site inspection, including forensic mapping, with 599 color Photographs [Stevens] | | | | |
| 9 | Scene diagrams, charts and graphs regarding this matter. [Stevens] | | | | |
| 10 | BLM Photographs | | | | |
| 11 | 599 site and vehicle photographs [Stevens] | | | | |
| 12 | Photographs previously produced by plaintiff. | | | | |
| 13 | Subject motorcycle and related parts, including lamps, headlight components, headlight remains, helmet, boot, and related items | | | | |
| 14 | SO Cal Performance Cycles records of the subject motorcycle | | | | |
| 15 | Motorcycle wiring diagram [Ireland] | | | | |
| 16 | Triumph Parts, Assembly & Service Manuals [Ireland] | | | | |
| 17 | Sensor Decoding Report by W.R. "Rusty" Haight, dated 4-4-02 [Haight] | | | | |

1

| | | | | | |
|---|---|---|---|---|---|
| 18 | Deposition of CHP Officer John Smither, dated 2-24-05 | | | | |
| 19 | Deposition of CHP Officer Brad Clinkscales, dated 3-1-05 | | | | |
| 20 | Deposition of CHP Officer Clyde Larkin, dated 3-21-05 | | | | |
| 21 | Statement of Joseph Funk, undated [Funk] | | | | |
| 22 | Deposition of Joseph Funk, dated 5-17-05 | | | | |
| 23 | Deposition of Alisha Ann Schaefer, dated 2-20-05 | | | | |
| 24 | Letter from two witnesses | | | | |
| 25 | Don Stevens, Forensic Engineering & Forensic Analysis<br>a) CV<br>b) Deposition<br>c) Materials used/reviewed in preparation of report<br>d) Report<br>e) Trial presentation materials | | | | |
| 26 | W.R. "Rusty" Haight, Collision Safety Institute<br>a) CV<br>b) Deposition<br>c) Materials used/reviewed in preparation of report<br>d) Report<br>e) Trial presentation materials | | | | |
| 27 | Jim Domenoe, Jade Collision Analysis<br>a) CV<br>b) Deposition<br>c) Materials used/reviewed in preparation of report<br>d) Report<br>e) Trial presentation materials | | | | |
| 28 | John Ireland, Triumph Motorcycle Consultant<br>a) CV<br>b) Deposition<br>c) Materials used/reviewed in preparation of report<br>d) Report<br>e) Trial presentation materials | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 29 | Ken Bachrach, Director, Tarzana Treatment Center<br>a) CV<br>b) Deposition<br>c) Materials used/reviewed in preparation of report<br>d) Report<br>e) Trial presentation materials | | | | |
| 30 | Sam Bauguess, SO Cal Cycles/SO Cal Customs<br>a) CV<br>b) Deposition<br>c) Materials used/reviewed in preparation of report<br>d) Report<br>e) Trial presentation materials | | | | |
| 31 | Joyce Pickersgill, Economist<br>a) CV<br>b) Deposition<br>c) Materials used/reviewed in preparation of report<br>d) Report<br>e) Trial presentation materials | | | | |
| 32 | Valley Detroit Diesel Allison Personnel Records | | | | |
| 33 | Personnel records of Michael Whiting | | | | |
| 34 | Michael Whiting W-2 forms | | | | |
| 35 | Deposition of Robert Carnahan<br>a) CV<br>b) Materials used/reviewed in preparation of report<br>c) Report<br>d) Charts, graphs and slides from Robert Carnahan | | | | |
| 36 | Deposition of David Casteel<br>a) CV<br>b) Materials used/reviewed in preparation of report<br>c) Report<br>d) Charts, graphs and slides from David Casteel | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 37 | Deposition of Gerald Martin<br>a) CV<br>b) Materials used/reviewed in preparation of report<br>c) Report<br>d) Charts, graphs and slides from Gerald Martin | | | | |
| 38 | Deposition of Marceline Burns<br>a) CV<br>b) Materials used/reviewed in preparation of report<br>c) Report<br>d) Charts, graphs and slides from Marceline Burns | | | | |
| 39 | Deposition of Paul Lima<br>a) CV<br>b) Materials used/reviewed in preparation of report<br>c) Report<br>d) Charts, graphs and slides from Paul Lima | | | | |
| 40 | Deposition of Edward Philips<br>a) CV<br>b) Materials used/reviewed in preparation of report<br>c) Report<br>d) Charts, graphs and slides from Edward Philips | | | | |
| 41 | Deposition of James Harris<br>a) CV<br>b) Materials used/reviewed in preparation of report<br>c) Report<br>d) Charts, graphs and slides from James Harris | | | | |
| 42 | Supplemental Discovery Materials #1: 16-Page Health Insurance Flex Benefits 2-Page Ability Confirmation | | | | |
| 43 | Family Photographs | | | | |
| 44 | Whiting family memorabilia | | | | |
| 45 | Written statement of Sean Parks | | | | |
| 46 | Written statement of Carla Parks | | | | |
| 47 | 1966-67 Triumph Service Manual [in Ireland's materials] | | | | |
| 48 | Arial photographs [in Steven's materials] | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 49 | Evidence of insurance, Farmers, subject motorcycle | | | | |
| 50 | | | | | |
| 51 | | | | | |
| 52 | | | | | |
| 53 | | | | | |
| 54 | | | | | |
| 55 | | | | | |
| 56 | | | | | |
| 57 | | | | | |
| 58 | | | | | |
| 59 | | | | | |
| | | | | | |

## Defendant

| | | | | | |
|---|---|---|---|---|---|
| 101 | 52 digital photographs of Chevrolet taken by CBA | | | | |
| 102 | 942 digital photographs of Triumph and parts taken by CBA | | | | |
| 103 | Photographs from Casteel, Beck & Associates | | | | |
| 104 | Photographs from James L. Harris | | | | |
| 105 | Photographs from Robert A. Carnahan | | | | |
| 106 | Motorcycle wiring diagram | | | | |
| 107 | 9 digital photographs of an exemplar Triumph at GP Motorcycles | | | | |
| 108 | Triumph Replacement Parts Catalogue Number 7 for 650cc (40 cu. in.) Model Trophy TR6 | | | | |
| 109 | Haynes Norton Commando Owners Workshop Manual from 1968-1970 | | | | |
| 110 | Triumph Motor and Frame Numbers by David Gaylin | | | | |
| 111 | Vehicle Information Profiles for the 1966 Triumph Trophy TR6R | | | | |
| 112 | Sales brochure for the 1968 and 1969 Triumphs | | | | |
| 113 | Motorcycle Colliosion Experiements by Derwyn M. Severy, Harris M. Brink, and David M. Blaisdell, SAE Paper Number 70087 | | | | |
| 114 | State of California Highway Design Manual, pages 200-1 to 200-3 | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 115 | California Highway Patrol limited access notes and references regarding collision investigation | | | | |
| 116 | USA Request for Admissions (1) | | | | |
| 117 | Plaintiff's Response to Request for Admissions (1) | | | | |
| 118 | USA Request for Admissions (2) | | | | |
| 119 | Plaintiff's Response to Request for Admissions (2) | | | | |
| 120 | Plaintiff's Interrogatory Responses | | | | |
| 121 | Plaintiff's Responses to Requests for Production | | | | |
| 122 | Plaintiff's Materials Produced in Response to Discovery Requests | | | | |
| 123 | Deposition of Victoria Whiting | | | | |
| 124 | Deposition of Bruce J. Agle | | | | |
| 125 | Deposition of Jay B. Williams | | | | |
| 126 | Deposition of Lars Karlsson | | | | |
| 127 | | | | | |
| 128 | | | | | |
| 129 | | | | | |
| 130 | | | | | |
| 131 | | | | | |
| 131 | | | | | |
| 132 | | | | | |
| 133 | | | | | |
| 134 | | | | | |
| 135 | | | | | |

# Exhibit  A

**Pretrial Order**

**03 cv 0216 BTM (JNA)**

## Defendant's Exhibit List
### (L.R. § 16.1.f.2.c)
### WHITING v. USA
### 03 CV 0216 - R (JMA)

| EXHIBIT NUMBER | DESCRIPTION | OFFERED BY | DATE MARKED | DATE ADMITTED | OBJECTION refer to list below |
|---|---|---|---|---|---|
| 201 | California Highway Patrol communications records **BCC001 - BCC0012** | | | | |
| 202 | California Highway Patrol Traffic Collision Report No. 02-02-0018 by Officer John B. Smither **2000-2034** | | | | |
| 203 | 42 Digital photographs from California Highway Patrol Traffic Collision Report No. 02-02-0018 **1 - 42** | | | | |
| 204 | 47 color print photographs from California Highway Patrol Collision Report No. 02-02-0018 **1 - 47** | | | | |
| 205 | California Highway Patrol Supplemental Investigation by Officer Clyde Larkin **2017- 2034** | | | | |
| 206 | Photographs from California Highway Patrol Supplemental Investigation **1 -157** | | | | |
| 207 | Police Evidence Chain of Custody and Property Receipt **I-1** | | | | |
| 208 | County of San Diego, Department of the Medical Examiner, Autopsy Report and supporting documents **ME-001 - ME0017** | | | | |
| 209 | County of San Diego, Department of the Medical Examiner, Investigative Report for Case No. 02-0249, and supporting documents **ME-001 - ME-0016** | | | | |

1. (FRE 402)  IRRELEVANT
2. (FRE 802)  HEARSAY
3. (FRE 1002)  BEST EVIDENCE
4. (FRE 701 - 702)  INADMISSABLE OPINION
5. (FRE 901)  INSUFFICIENT FOUNDATION (Relevancy, Personal Knowledge, Authenticity, Identity)
6. (FRE 403)  UNDULY TIME CONSUMING, PREJUDICIAL, CONFUSING OR MISLEADING
7. (FRCP 26(a)(3) )  UNTIMELY DISCLOSURE
8. OTHER (Specify)

Page 1 of 7

| EXHIBIT NUMBER | DESCRIPTION | OFFERED BY | DATE MARKED | DATE ADMITTED | OBJECTION refer to list below |
|---|---|---|---|---|---|
| 210 | County of San Diego, Department of the Medical Examiner, Toxicology Report, and supporting documents **ME-001 - ME-0017** | | | | |
| 211 | State of California, Department of Motor Vehicles Driver Records and Information re Mr. Whiting **DMV-001 - DMV-0079** | | | | |
| 212 | California Motorcycle Handbook 2002, California Department of Motor Vehicles **CMH-001 - CMH-040** | | | | |
| 213 | Sunbear II Report for lighting conditions on date and time of accident **P-1 - P-2** | | | | |
| 214 | Site inspection, including forensic mapping with a total station, 122 digital photographs and 125 color print photographs by **(S.1 - S.247)** | | | | |
| 215 | Scene diagrams, charts,  graphs and spreadsheets regarding this matter, by CBA<br><br>T.1 - Orientation Diagram<br>T.2 - Detail w/ Elevation Diagram<br>T.3 - Elevation Diagram with Lines of Sight<br>T.4 - Kinematic Analysis<br>        T.4.1 - Supportive Kinematic Data<br>T.5 - Impact Alignment<br><br>T.20 - Diagrams re Stevens' Opinion<br>T.21 - Diagram re Stevens' Version | | | | |
| 216 | 52 digital photographs of Chevrolet taken by CBA | | | | |
| 217 | 942 digital photographs of Triumph and parts taken by CBA | | | | |
| 218 | BLM photographs **BLM-2000 - BLM- 2036** | | | | |

1. (FRE 402)  IRRELEVANT
2. (FRE 802)  HEARSAY
3. (FRE 1002)  BEST EVIDENCE
4. (FRE 701 - 702)  INADMISSABLE OPINION
5. (FRE 901)  INSUFFICIENT FOUNDATION (Relevancy, Personal Knowledge, Authenticity, Identity)
6. (FRE 403)  UNDULY TIME CONSUMING, PREJUDICIAL, CONFUSING OR MISLEADING
7. (FRCP 26(a)(3) ) UNTIMELY DISCLOSURE
8. OTHER (Specify)

| EXHIBIT NUMBER | DESCRIPTION | OFFERED BY | DATE MARKED | DATE ADMITTED | OBJECTION refer to list below |
|---|---|---|---|---|---|
| 219 | Crash Data Retrieval report from download of Chevrolet's SDM by R. Haight, dated 3/29/02 **CDR-001 - CDR-007** | | | | |
| 220 | Photographs from Robert A. Carnahan | | | | |
| 221 | Motorcycle headlamp remnants (in Plaintiff's custody) | | | | |
| 222 | Repair Order and receipt for repairs/service  by SO-CAL Cycles **SCC-01 - SCC-06** | | | | |
| 223 | Motorcycle wiring diagram | | | | |
| 224 | 9 digital photographs of an exemplar Triumph at GP Motorcycles | | | | |
| 225 | Triumph Workshop Manual for 650cc Twins from 1963 to 1970 **CHP-18 - CHP-23** | | | | |
| 226 | Triumph Replacement Parts Catalogue Number 7 for 650 cc (40 cu. in.) Model Trophy TR6 **1- 80** | | | | |
| 227 | Haynes Norton Commando Owners Workshop Manual from 1968-1970 | | | | |
| 228 | Triumph Motor and Frame Numbers by David Gaylin | | | | |
| 229 | Vehicle Information Profiles for the 1966 Triumph Trophy TR6R **VIP - 1 -  VIP -2** | | | | |
| 230 | Motorcycle Collision Experiments, by Derwyn M. Severy, Harris M. Brink, and David M. Blaisdell, SAE Paper Number 70087 **pgs- 66 -120** | | | | |
| 231 | State of California Highway Design Manual, **pgs  200-1 to 200-3** | | | | |

1. (FRE 402) IRRELEVANT
2. (FRE 802) HEARSAY
3. (FRE 1002) BEST EVIDENCE
4. (FRE 701 - 702) INADMISSABLE OPINION
5. (FRE 901) INSUFFICIENT FOUNDATION (Relevancy, Personal Knowledge, Authenticity, Identity)
6. (FRE 403) UNDULY TIME CONSUMING, PREJUDICIAL, CONFUSING OR MISLEADING
7. (FRCP 26(a)(3) ) UNTIMELY DISCLOSURE
8. OTHER (Specify)

| EXHIBIT NUMBER | DESCRIPTION | OFFERED BY | DATE MARKED | DATE ADMITTED | OBJECTION refer to list below |
|---|---|---|---|---|---|
| 232 | "Forensic Photography and Nighttime Visibility Issues," James L. Harris, Sr. And James L. Harris, II (1992) **1084 - 1095** | | | | |
| 233 | Deposition of CHP Officer John Smither, dated 2/24/05 | | | | |
| 234 | Deposition of CHP Officer Brad Clinkscales, dated 3/1/05 | | | | |
| 235 | Deposition of CHP Officer Cylde Larkin, dated 3/21/05 | | | | |
| 236 | California Highway Patrol limited access notes and references regarding collision investigation **CHP-1 - CHP-26** | | | | |
| 237 | Statement of Joseph Funk, undated **MVAR-01 - MVAR-09** | | | | |
| 238 | Deposition of Joseph Funk, dated 5/17/05 | | | | |
| 239 | Deposition of Alisha Ann Schaefer, dated 2/20/05 | | | | |
| 240 | Letter from Alisha Schaefer | | | | |
| 241 | Curriculum Vitae of David A. Casteel | | | | |
| 242 | Deposition of David A. Casteel | | | | |
| 243 | Article written by Roman F. Beck, David A. Casteel,    Edward Phillips, Jerry Eubanks and Doug English    titled "*Motorcycle Collinear Collisions Involving Motor Vehicles Equipped With Event Data     Recorders*" | | | | |
| 244 | Materials used/reviewed by David A. Casteel in preparation of report | | | | |
| 245 | Report of Accident Reconstructionist David A.. Casteel | | | | |

1. (FRE 402)  IRRELEVANT
2. (FRE 802)  HEARSAY
3. (FRE 1002)  BEST EVIDENCE
4. (FRE 701 - 702)  INADMISSABLE OPINION
5. (FRE 901)  INSUFFICIENT FOUNDATION (Relevancy, Personal Knowledge, Authenticity, Identity)
6. (FRE 403)  UNDULY TIME CONSUMING, PREJUDICIAL, CONFUSING OR MISLEADING
7. (FRCP 26(a)(3) )  UNTIMELY DISCLOSURE
8. OTHER (Specify)

| EXHIBIT NUMBER | DESCRIPTION | OFFERED BY | DATE MARKED | DATE ADMITTED | OBJECTION refer to list below |
|---|---|---|---|---|---|
| 246 | Photographs from Casteel, Beck & Associates<br><br>Y.1 - Police Scene Photographs<br>Y.2 - Motorcycle Photographs<br>Y.3 - Blend of Gov Vehicle, Motorcycle & Lamps<br>Y.4 - Tahoe Photographs<br>Y.5 - Motorcycle Photos, Hardware, Lights & Scene | | | | |
| 247 | Trial Presentation Materials used by Casteel, Beck & Associates<br><br>-4 Area Photographs<br>-Passing Maneuver Analysis Diagram (color enlarged version) | | | | |
| 248 | C.V. of Robert A. Carnahan | | | | |
| 249 | Deposition of Robert A. Carnahan | | | | |
| 250 | Materials used/reviewed by Robert A. Carnahan in preparation of report | | | | |
| 251 | Report of Robert A. Carnahan | | | | |
| 252 | C.V. of Edward Phillips | | | | |
| 253 | Deposition of Edward Phillips | | | | |
| 254 | Materials used/reviewed by Edward Phillips in preparation of report | | | | |
| 255 | Report of Edward Phillips | | | | |
| 256 | Trial Presentation Materials used by Edward Phillips | | | | |
| 257 | C.V. of Marcelline Burns, Ph.D. | | | | |
| 258 | Deposition of Marcelline Burns, Ph.D. | | | | |
| 259 | Materials used/reviewed by Marcelline Burns in preparation of report (See deposition exhibits) | | | | |
| 260 | Report of Marcelline Burns, Ph.D. | | | | |
| 261 | Trial Presentation Materials used by Marcelline Burns | | | | |
| 262 | C.V. of James L. Harris, Sr. | | | | |

1. (FRE 402) IRRELEVANT
2. (FRE 802) HEARSAY
3. (FRE 1002) BEST EVIDENCE
4. (FRE 701 - 702) INADMISSABLE OPINION
5. (FRE 901) INSUFFICIENT FOUNDATION (Relevancy, Personal Knowledge, Authenticity, Identity)
6. (FRE 403) UNDULY TIME CONSUMING, PREJUDICIAL, CONFUSING OR MISLEADING
7. (FRCP 26(a)(3) ) UNTIMELY DISCLOSURE
8. OTHER (Specify)

| EXHIBIT NUMBER | DESCRIPTION | OFFERED BY | DATE MARKED | DATE ADMITTED | OBJECTION refer to list below |
|---|---|---|---|---|---|
| 263 | Deposition of James L. Harris, Sr. | | | | |
| 264 | Materials used/reviewed by James L. Harris, Sr., in preparation of report | | | | |
| 265 | Report of James L. Harris, Sr. | | | | |
| 266 | Trial Presentation Materials used by James L. Harris<br><br>- Publication written by James L. Harris, Sr. and James L. Harris, II titled " Forensic Photography and Nighttime Visibility Issues"<br><br>- 9 Digital area photographs<br><br>- Charts, graphs and slides from James L. Harris | | | | |
| 267 | C.V. of Paul Lima | | | | |
| 268 | Deposition of Paul Lima | | | | |
| 269 | Materials used/reviewed by Paul Lima in preparation of report | | | | |
| 270 | Report of Paul Lima | | | | |
| 271 | Charts, graphs and slides of Paul Lima | | | | |
| 272 | C.V. of Gerald Martin, Ph.D. | | | | |
| 273 | Deposition of Gerald Martin, Ph.D. | | | | |
| 274 | Materials used/reviewed by Gerald Martin, Ph.D., in preparation of report | | | | |
| 275 | Report of Gerald Martin, Ph.D. | | | | |
| 276 | Charts, graphs and slides of Gerald Martin, Ph.D. | | | | |
| 277 | Valley Detroit Diesel Allison Personnel Records | | | | |
| 278 | Personnel Records of Michael Whiting | | | | |
| 279 | Michael Whiting W-2 Forms | | | | |

1. (FRE 402) IRRELEVANT
2. (FRE 802) HEARSAY
3. (FRE 1002) BEST EVIDENCE
4. (FRE 701 - 702) INADMISSABLE OPINION
5. (FRE 901) INSUFFICIENT FOUNDATION (Relevancy, Personal Knowledge, Authenticity, Identity)
6. (FRE 403) UNDULY TIME CONSUMING, PREJUDICIAL, CONFUSING OR MISLEADING
7. (FRCP 26(a)(3) ) UNTIMELY DISCLOSURE
8. OTHER (Specify)

| EXHIBIT NUMBER | DESCRIPTION | OFFERED BY | DATE MARKED | DATE ADMITTED | OBJECTION refer to list below |
|---|---|---|---|---|---|
| 280 | USA Request for Admissions (1) | | | | |
| 281 | Plaintiff's Response to Request for Admissions (1) | | | | |
| 282 | USA Request for Admissions (2) | | | | |
| 283 | Plaintiff's Response to Request for Admissions (2) | | | | |
| 284 | Plaintiff's Interrogatory Responses | | | | |
| 285 | Deposition of Lars Karlsson | | | | |
| | | | | | |

1. (FRE 402)  IRRELEVANT
2. (FRE 802)  HEARSAY
3. (FRE 1002)  BEST EVIDENCE
4. (FRE 701 - 702)  INADMISSABLE OPINION
5. (FRE 901)  INSUFFICIENT FOUNDATION (Relevancy, Personal Knowledge, Authenticity, Identity)
6. (FRE 403)  UNDULY TIME CONSUMING, PREJUDICIAL, CONFUSING OR MISLEADING
7. (FRCP 26(a)(3) ) UNTIMELY DISCLOSURE
8. OTHER (Specify)

# Exhibit  2

**Pretrial Order**

**03 cv 0216 BTM (JNA)**

**PLAINTIFF'S WITNESS LIST**
**(L.R. 16.1.f.2.d)**

# WHITING v. USA
## 03 cv 0216 – R (BTM)

| NAME | TESTIMONY |
|---|---|
| Amber Hall<br>El Cajon | Bartender saw Michael Whiting before his death. |
| Ken Bachrach | Plaintiff's expert regarding alcohol |
| Sam Bauguess | Plaintiff's expert regarding motorcycle |
| Connie Bennett<br>San Diego County, CA | Mother of Alisha Schaefer arrived at the scene after the accident. |
| Lisa Bianco<br>California Highway Patrol<br>3165 Gold Valley<br>Rancho Cordova, CA  97542 | CHP operations officer |
| C.E. Billa<br>California Highway Patrol<br>4902 Pacific Coast Highway<br>El Cajon, CA 92021 | CHP Evidence Officer who signed Evidence Receipt Report #E2002-0080, on 2/9/02. |
| Brian Blackbourne, M.D.<br>Department of the Medical Examiner<br>County of San Diego<br>5555 Overland Avenue, Bldg. 14<br>San Diego, CA 92123-1270 | Medical Examiner |
| James Buckley<br>Department of the Medical Examiner<br>County of San Diego<br>5555 Overland Avenue, Bldg. 14<br>San Diego, CA 92123-1270 | Member of the staff of the Department of the Medical Examiner, San Diego, County |
| Marceline Burns, Ph.D.<br>4430 Antigua Way<br>Oxnard, CA  93035 | Defense expert is a research psychologist with expertise in alcohol abuse |
| Bree Ann Castle (Breezie Castell)<br>9685 Bundy Drive<br>El Cajon, CA  92021 | Percipient witness to accident |
| David Casteel<br>Casteel, Black & Associates, Inc.<br>1920 Cordell Court, Suite 102<br>El Cajon, CA  92020-0900 | Defense expert traffic collision analyst and accident reconstructionist |
| Michael Chavez<br>Medic<br>American Medical Response | EMT Staff |

| | |
|---|---|
| Brad Clinkscales, Badge #15938<br>California Highway Patrol<br>4902 Pacific Coast Highway<br>El Cajon, CA 92021 | CHP officer at scene |
| Kevin N. Cox<br>Engineer<br>Jamul Rural Fire Department | Fire crew |
| Mark Crofton, Badge #11255<br>California Highway Patrol<br>4902 Pacific Coast Highway<br>El Cajon, CA 92021 | CHP officer |
| Custodian of Records<br>Department of the Medical Examiner<br>County of San Diego<br>6666 Overland Avenue, Bldg. 14<br>San Diego, CA 92123-1270 | Authentication and foundation of records of the Medical Examiner |
| Department of Motor Vehicles<br>Mail Stop E-128<br>2415 First Avenue<br>Sacramento, CA 95818 | Regarding Michael Whiting's DMV records |
| Jim Domenoe | Plaintiff's Expert regarding human factors |
| J. Estrada<br>Department of the Medical Examiner<br>County of San Diego<br>6666 Overland Avenue, Bldg. 14<br>San Diego, CA 92123-1270 | Department of the Medical Examiner, San Diego County |
| Joseph Carl Funk<br>13910 Lyons Valley Road, Suite L<br>Jamul, CA 91935 | BLM Ranger, defendant in case |
| Gretchen Geary<br>Department of the Medical Examiner<br>County of San Diego<br>6666 Overland Avenue, Bldg. 14<br>San Diego, CA 92123-1270 | Medical Examiner Investigator who signed County of San Diego Medical Examiner's Receipt #61354 (property receipt) |
| E. Gurrola<br>California Highway Patrol<br>4902 Pacific Coast Highway<br>El Cajon, CA 92021 | CHP officer at accident scene. |
| Rusty Haight | Plaintiff's Expert regarding airbag code |
| Catherine E. Hamm<br>Department of the Medical Examiner<br>County of San Diego<br>6666 Overland Avenue, Bldg. 14<br>San Diego, CA 92123-1270 | Toxicologist and Senior Analyst, Department of the Medical Examiner, San Diego County |
| Mark Hodges<br>Jamul, CA | Was with Michael Whiting before the accident |

| | |
|---|---|
| James L. Harris, Sr.<br>Harris Visibility Studies, Inc.<br>2699 Camino Artemisa<br>Alpine, CA  91901 | Defense expert on ambient illumination and situational lightning |
| Mark Hodges<br>Jamul, CA | Was with Michael Whiting before the accident |
| John Ireland | Plaintiff's Expert regarding motorcycle mechanics |
| Paul Lima<br>1606 G Street<br>San Diego, CA 92101 | Defense motorcycle expert. . . . |
| C. Larkin, Badge #14517<br>California Highway Patrol<br>4902 Pacific Coast Highway<br>El Cajon, CA 92021 | CHP Officer at the scene inspected and photographed subject motor vehicles on 2/8/02 |
| Jonathan R. Lucas, M.D.<br>Deputy Medical Examiner<br>Department of the Medical Examiner<br>County of San Diego<br>6666 Overland Avenue, Bldg. 14<br>San Diego, CA  92123-1270 | Pathologist, Department of the Medical Examiner's staff, County of San Diego |
| Iain M. McIntyre, Ph.D.<br>Department of the Medical Examiner<br>County of San Diego<br>6666 Overland Avenue, Bldg. 14<br>San Diego, CA  92123-1270 | Forensic Toxicology Laboratory Manager Department of the Medical Examiner, County of San Diego |
| Michael Meyer (Ret.)<br>Bureau of Land Management<br>U.S. Department of the Interior<br>690 W. Garnet Avenue<br>Palm Springs, CA 92558 | BLM Supervisory Ranger |
| Craig Nelson<br>Valley Power Systems<br>425 S. Hacienda Boulevard<br>City of Industry, CA  91745 | Supervisor of Michael Whiting at his place of employment |
| Sean Parks<br>Jamul, CA | Site witness |
| Carla Parks<br>Jamul, CA | Site witness |
| Peter<br>Lemon Grove, CA | Tow truck driver |
| Edward Phillips<br>Edward Phillips and Associates<br>466 Benevente Drive<br>Oceanside, CA 92057 | Defense expert Vetronix crash data retrieval and interpretation analyst. |

| | |
|---|---|
| Pete Sardakis<br>Jamul, CA | Owner, Greek Sombrero |
| Alisha Ann Bennett-Shaeffer<br>2967 West Via Principia<br>Tucson, AZ 85742 | Driver behind Ranger Funk's vehicle at time of the accident. |
| J.B. Smither, Badge #15983<br>California Highway Patrol<br>4902 Pacific Coast Highway<br>El Cajon, CA 92021 | CHP officer who responded to dispatch call and prepared the Traffic Collision Report #02-02-0018 |
| Don Stevens | Plaintiff's Expert regarding accident reconstruction |
| Tim Stuek<br>Jamul, CA | |
| Tim Vest<br>San Diego County Sheriff | Arrived at scene after accident. |
| Victoria Whiting | Plaintiff |

## Damage Phase

| | |
|---|---|
| Claudia Gilbert<br>Fullerton, CA | Damages witness |
| Lars Karlsson | Plaintiff's expert |
| Gerald Martin, Ph.D.<br>Mack-Barclay<br>402 West Broadway, 9th Floor<br>San Diego, CA 92101 | Defense expert forensic economist. |
| Tim Nelson<br>Jamul, CA | Damages witness |
| Joyce Pickersgill | Plaintiff's Expert |
| Chris Tyler<br>Huntington Beach, CA | Damages witness |
| Korn Tyler<br>Huntington Beach, CA | Damages witness |

# Exhibit  B

**Pretrial Order**

**03 cv 0216 BTM (JNA)**

# Defendant's Witness List
### (L.R. 16.1.f.2.d)

# WHITING v. USA
## 03 cv 0216 - BTM

| | NAME | ADDRESS |
|---|---|---|
| 1. | Connie Bennett | San Diego County, California |
| 2. | C.E. Billa | California Highway Patrol<br>1722 East Main Street<br>El Cajon, CA. 92021<br>(619) 401-2000- Tel |
| 3. | Marcelline Burns, Ph.D. | 4430 Antigua Way<br>Oxnard, CA. 93035<br>(805) 382-4696- Tel<br>(866) 669-5054- Fax |
| 4. | James Buckley | Department of Medical Examiner<br>County of San Diego<br>5555 Overland Avenue, Bldg. 14<br>San Diego, CA. 92123-1270 |
| 5. | David Casteel | Casteel, Beck & Associates, Inc.<br>1920 Cordell Court, Suite 102<br>El Cajon, CA. 92020-0900<br>(619) 937-0502 - Tel<br>(619) 937-0507- Fax |
| 6. | Brad Clinkscales | California Highway Patrol<br>1722 East Main Street<br>El Cajon, CA. 92021<br>(619) 401-2000 - Tel |
| 7. | J. Estrada | Department of the Medical Examiner<br>County of San Diego<br>5555 Overland Avenue, Bldg. 14<br>San Diego, CA. 92123-1270 |
| 8. | Joseph C. Funk | Bureau of Land Management<br>P.O.Box 892<br>Jamul, CA. 91935<br>(619) 474-6805- Tel |
| 9. | Gretchen Geary | Department of the Medical Examiner<br>County of San Diego<br>5555 Overland Avenue, Bldg. 14<br>San Diego, CA. 92123-1270 |

| 10. | E. Gurrola | California Highway Patrol<br>1722 East Main Street<br>El Cajon, Ca. 92021<br>(619) 401-2000- Tel |
|---|---|---|
| 11. | Catherine Hamm | Department of the Medical Examiner<br>County of San Diego<br>5555 Overland Avenue, Bldg. 14<br>San Diego, CA. 92123-1270<br>(858) 694-2909- Tel |
| 12. | James L. Harris, Sr. | Harris Visibility Studies, Inc.<br>2699 Camino Artemisa<br>Alpine, Ca. 91901<br>(619) 659-3827- Tel |
| 13. | Clyde Larkin | California Highway Patrol<br>1722 East Main Street<br>El Cajon, Ca. 92021<br>(619) 401-2000- Tel |
| 14. | Paul Lima | 1606 "G" Street<br>San Diego, Ca. 92101<br>(619) 233-4762- Tel |
| 15. | Johnathan Lucas, M.D. | Department of the Medical Examiner<br>County of San Diego<br>5555 Overland Avenue, Bldg. 14<br>San Diego, Ca. 92123-1270<br>(858) 694-3073- Tel |
| 16. | Ian McIntyre, Ph.D. | Department of the Medical Examiner<br>County of San Diego<br>5555 Overland Avenue, Bldg. 14<br>San Diego, CA. 92123-1270<br>(858) 694-2907- Tel |
| 17. | Michael Meyer | San Diego County, California |
| 18. | Edward Phillips | Edward Phillips and Associates<br>466 Benevente Drive<br>Oceanside, Ca. 92057<br>(760) 721-5552- Tel |
| 19. | Peter Saridakis | 12891 Highway 94<br>Spring Valley, CA. 91978<br>(619) 6691979 Tel |
| 20. | Alisha Ann Schaefer (Formerly Bennett) | Marana, Arizona |

| 21. | **J.B. Smither** | California Highway Patrol<br>4902 Pacific Highway<br>San Diego, Ca. 92119<br>(619) 220- 5492- Tel |
|-----|------------------|-----------------------------------------------------------------------------------------|
| 22. | **Custodian of Records** | Department of Motor Vehicles<br>Mail Stop E-128<br>2415 First  Avenue,<br>Sacramento, CA. 95818 |
| 23. | **Custodian of Records** | Department of the Medical Examiner<br>County of San Diego<br>5555 Overland Avenue, Bldg. 14<br>San Diego, Ca. 92123 |
| 24. | **Possible Rebuttal Witness:**<br>**Robert A. Carnahan** | Exponent Failure Analysis Association<br>5401 McConnell Avenue<br>Los Angeles, Ca. 90066 |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA WHITING,<br><br>            Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA;<br>JOSEPH CARL FUNK; STATE OF<br>CALIFORNIA DEPARTMENT OF<br>TRANSPORTATION, a political<br>subdivision,<br><br>            Defendants. | Case No. 03 cv 0216 - BTM (JMA)<br><br><br>**PROOF OF SERVICE** |

IT IS HEREBY DECLARE THAT:

        I, Thomas B. Reeve, Jr. , am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.  I am not a party to the above-entitled action.  I have caused service of the following:

**{Proposed] PRETRIAL ORDER** (with Exhibits)

on the following party by electronically filing the foregoing with the Clerk of the District Court, Southern District of California, using its ECF System, which provides for automatic electronic notification.

        DONALD CAMERON BURNS
        Law office of Don C. Burns
        Suite 2
        71-650 Sahara Road
        Rancho Mirage, CA 92270
        OneRiver4all@yahoo.com
        donburns@recoverycorps.org
        Attorney for the Plaintiff


        I declare under penalty of perjury that the foregoing is true and correct and that this certification was executed on March 22, 2007, in San Diego, California.

                                        *s/ Thomas B. Reeve, Jr.*
                                        <u>THOMAS B. REEVE, JR.</u>

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA WHITING,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA;<br>JOSEPH CARL FUNK; STATE OF<br>CALIFORNIA DEPARTMENT OF<br>TRANSPORTATION, a political<br>subdivision,<br><br>    Defendants. | Case No. 03 cv 0216 - BTM (JMA)<br><br><br>**PROOF OF SERVICE** |

IT IS HEREBY DECLARE THAT:

    I, Thomas B. Reeve, Jr. , am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.  I am not a party to the above-entitled action.  I have caused service of the following:

**Delivery of Courtesy Copy of proposed Pretrial Order**

on the following party by electronically filing the foregoing with the Clerk of the District Court, Southern District of California, using its ECF System, which provides for automatic electronic notification.

DONALD CAMERON BURNS
Law office of Don C. Burns
Suite 2
71-650 Sahara Road
Rancho Mirage, CA 92270
OneRiver4all@yahoo.com
donburns@recoverycorps.org
Attorney for the Plaintiff

    I declare under penalty of perjury that the foregoing is true and correct and that this certification was executed on March 23, 2007, in San Diego, California.

/S/ *Thomas B. Reeve, Jr.*
THOMAS B. REEVE, JR.