# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA WHITING, a Widow, | CASE NO. 03cv216 BTM (JMA) |
| Plaintiff, | **FINDINGS OF FACT & CONCLUSIONS OF LAW** |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

This is an action for wrongful death brought by the widow, Victoria Whiting, against the United States of America. The action is brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*

The lawsuit arises out of a fatal head-on collision that occurred on the evening of February 3, 2002 on a rural section of Highway 94 in Jamul, California. While traveling eastbound toward his home, Michael Whiting, riding his 1966 Triumph motorcycle, collided with a Chevrolet Tahoe Bureau of Land Management patrol vehicle being driven by Ranger Joseph Funk. The collision occurred while Ranger Funk was attempting to pass a slower-moving vehicle in his westbound lane.

In her complaint, Plaintiff alleged that Ranger Funk was negligent in the operation of his Tahoe and that his negligent actions were the proximate cause of the death of Mr. Whiting. It is undisputed that Ranger Funk was acting within the course and scope of his employment with the Bureau of Land Management at the time of the accident. Defendant, the United States of America, denied any liability and claimed that Ranger Funk was not

negligent in the operation of his vehicle. In addition, Defendant asserted that Mr. Whiting's illegal operation of his motorcycle while intoxicated and without a headlight was the cause of the fatal collision.

Pursuant to 28 U.S.C. § 2402, the action was tried by the Court without a jury. The seven-day trial took place in April and May 2007. The Court has spent a considerable amount of time after trial reviewing all of the evidence presented and deliberating upon the complex interplay of much of this evidence in reaching a decision as to the key disputed facts of the case.

Having considered the testimony and evidence introduced at trial, the pre and post-trial briefs, and all other filings that are a part of the trial record, in accordance with Fed. R. Civ. P. 52(a), the Court hereby issues the following findings of fact and conclusions of law. For the reasons outlined below, the Court finds in favor of the Defendant.

**I.      FINDINGS OF FACT**

The Court incorporates by reference the stipulated facts provided in the pretrial order [Doc. #94] and issues the following findings of fact. The Court specifically finds that Ranger Funk and Alisha Shaefer, the driver of the vehicle behind Ranger Funk, were credible witnesses and credits their testimony in reaching these findings.

1. Michael Whiting was drinking at the Greek Sombrero in the late afternoon into the early evening of February 3, 2002.
2. As Mr. Whiting was riding toward his home, the night was rapidly darkening. However, there was sufficient ambient light that a motorcycle driver knowing the route home and looking for the white lane markers and the yellow center line could navigate the east-bound roadway without an illuminated headlamp, and Mr. Whiting was very familiar with this stretch of road.
3. Mr. Whiting was considerably intoxicated at the time of the collision. His blood alcohol concentration was approximately 0.23%.
4. The headlight on Mr. Whiting's motorcycle was not illuminated in the moments leading

up to the collision. Ranger Funk could not see the motorcycle approaching him until it was too late to avoid the collision.

5. Ranger Funk was performing a controlled and, what would appear to a reasonably prudent driver, was an otherwise safe, passing maneuver prior to the collision.

6. There is not sufficient evidence from which the Court could conclude whether Ranger Funk indicated his intention to pass in advance, with an appropriate turn signal.

7. Because Mr. Whiting's headlight was not illuminated, Ranger Funk was not able to see Mr. Whiting's motorcycle in enough time to make a successful evasive maneuver and avoid the collision, although he was able to begin applying the brake.

8. Mr. Whiting's failure to avoid the collision was caused by his decreased ability to perceive and react to Ranger Funk's Tahoe owing to his intoxication.[1] This includes his impaired ability to judge the closing distance, and interpret this information in combination with the left-right movement of the Tahoe, which is required to determine the position on the road that he would need to put his motorcycle in order to successfully go around the Tahoe. Mr. Whiting misjudged the maneuver required to evade the Tahoe.

9. Ranger Funk did not operate his vehicle in a negligent manner before or at the time of the collision.

## II. CONCLUSIONS OF LAW

The parties have stipulated that Ranger Funk was acting within the scope of his office or employment at the time of the collision. Accordingly, they have agreed, and the Court finds as a matter of law, that Plaintiff's action is properly brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq*. The jurisdiction of the Court is properly invoked and venue is appropriate in this district because the Plaintiff resides, and the actions complained of occurred, herein.

---

[1] The Court does not rely on the findings of Officer Smither regarding the cause of the accident. It has considered his testimony as to physical observations he made at the scene and statements that he took.

The parties have argued at length about any presumptions that may be applicable to the actions of Ranger Funk and Mr. Whiting. The Court recognizes that the law presumes that individuals will act in accordance with the law. Accordingly, in the absence of any evidence to the contrary, the Court could have assumed that Mr. Whiting was operating his motorcycle with an illuminated headlamp. However, in this case, the Court was presented with sufficient credible evidence to conclude, and the Court has so found, that Mr. Whiting's headlamp was not illuminated. Therefore, any relevant presumptions are simply inapplicable.

The Court finds that the Federal Tort Claims Act and California Evidence Code §§ 500, 520, 521 require that Plaintiff retain the burden of proof on all elements of her negligence cause of action. To prove negligence, Plaintiff must show that Defendant owed decedent a duty of care, that Defendant's conduct fell below that standard, and that an injury was caused by Defendant's conduct which was a breach of the applicable duty. See Pretrial Order, Admissions of Law, at 10; accord 6 Witkin, Summary of California Law (9th ed. 1988) Torts, § 732. Plaintiff has failed to prove, by a preponderance of the evidence, that Ranger Funk acted negligently in his passing maneuver because there has been no showing that he failed to exercise due care. To the contrary, the Court specifically finds that Ranger Funk was acting with reasonable care at all relevant times. Plaintiff has failed to rebut Defendants' credible evidence that Ranger Funk could not see Mr. Whiting's motorcycle before and when he made his passing maneuver because the motorcycle's headlamp was not illuminated. Therefore, Ranger Funk's passing maneuver cannot be deemed a negligent act simply because it resulted in his collision with Mr. Whiting within Mr. Whiting's lane of traffic. See Robbiano v. Bovet, 218 Cal. 589 (1933).

The Court wishes to express its sincere condolences to the Plaintiff for her terrible loss. Nonetheless, the Court finds that the Plaintiff has failed to prove that Ranger Funk negligently caused the death of Mr. Whiting. Accordingly, the Court must find for the Defendant in this matter.

//

### III. CONCLUSION

For the reasons discussed, the Court finds that Defendant United States of America is completely without liability to Plaintiff. Plaintiff has failed to prove that Ranger Joseph Funk was operating his vehicle in a negligent manner either before or at the time of the collision. Accordingly, the Clerk is directed to enter judgment in favor of Defendant and against Plaintiff forthwith.

**IT IS SO ORDERED.**

DATED: June 22, 2007

*[signature]*

Hon. Barry Ted Moskowitz
United States District Judge